Bob G. POINTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 35514.

Court of Criminal Appeals of Texas.

April 10, 1963.

Rehearing Denied May 15, 1963.

Orville A. Harlan, Houston (on appeal only), for appellant.

Frank Briscoe, Dist. Atty., Gus J. Zgourides, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, 5 years.

The appellant was positively identified as one of two men who drove to the Tamborello Grocery Store; parked at the side, leaving the motor running; entered the store and robbed Joseph Tamborello of more than $300.

Tamborello and his wife testified that appellant held a pistol at Tamborello's head and threatened repeatedly to kill him. R. E. Robertson testified that appellant was one of the two men he saw drive up, park and enter the store and later come out running, one with a sack in his hand, and drive away hurriedly.

Appellant's confession was introduced in evidence following a hearing in the jury's absence as to its admissibility.

The appellant testified in the jury's absence, and later before the jury. He repudiated the confession and denied that it was voluntarily made and signed, as the state's witnesses testified it was. The issue raised was submitted to the jury in a charge to which there were no objections.

Appellant's testimony and that of his sister and mother raised the defense that he

was at another and different place at the time and was not and could not have been present when the robbery was committed.

The court charged on the defense of alibi and instructed the jury to acquit if the evidence raised in their minds a reasonable doubt as to the presence of appellant at the place where the offense was committed at the time of the commission thereof.

No objection was offered to that part of the court's charge.

■ It is evident that the jury resolved the issues against the appellant and the evidence sustains their findings.

■ Numerous informal bills of exception are found in the record, only one of which has sufficient merit to warrant discussion. It relates to the overruling of the motion of appellant's employed counsel, John Cutler, filed three days before the date of the trial, requesting that the court relieve him as attorney of record in the cause.

The motion alleged that the appellant had not furnished him the names of witnesses he said could testify in his behalf, and also alleged that due to his recent experience with the appellant's brother and family, in another case, he was of the opinion that the proper client-attorney relationship did not exist between himself and his client, and that he did not desire to be the cause of any obstruction of justice.

Hearing was had on the motion after the state had announced ready for trial and, the motion being denied, a motion for continuance was dictated " * * * in order that the defendant might be represented by some other counsel of his choice rather than the attorney that has been representing him. * * * "

The record shows that Mr. Cutler had been employed to represent the appellant and had obtained a continuance when the case was called for trial in February 1961.

It is evident that the granting of Mr. Cutler's motion in October 1961 would have resulted in a further continuance, and we gather from his testimony that such was the purpose of the appellant in agreeing that the motion should be sustained.

The record further shows that the appellant had used no diligence to secure other counsel or to prepare for trial before Mr. Cutler's motion was filed.

The trial court did not abuse his discretion in denying Mr. Cutler's motion to withdraw as counsel or in overruling appellant's oral motion for continuance.

We observe further that the attorney named by appellant as one that he felt sure was going to represent him had not been consulted.

Also, the court extended the time for filing and ordered the court reporter to prepare the statement of facts, and appointed counsel to represent the appellant on appeal when he became indigent and was unable to obtain counsel. The statement of facts approved by the trial judge was filed in the trial court on January 18, 1963.

No error appearing, the judgment is af·· firmed.